UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
JANET HOWARD,                   )
                                )
          Plaintiff,            )
                                )
     v.                         )        Civil Action No. 04-0756 (PLF)
                                )
CARLOS GUTIERREZ, Secretary,    )
U.S. Department of Commerce     )
                                )
          Defendant.[1]         )
_____ )
```

MEMORANDUM OPINION

            This matter comes before the Court on defendant's motion to dismiss or, in the

alternative, for summary judgment. The plaintiff alleges that she was denied reasonable

accommodations by her employer pursuant to Title II of the American with Disabilities Act of

1990, 42 U.S.C. §§ 12131-1265 ("ADA"), and the Rehabilitation Act of 1973, 29 U.S.C.

§§ 791 et seq. ("Rehabilitation Act").  Specifically, she alleges that defendant delayed in

providing her an office with certain specifications for two years and that defendant has refused

to allow her to work partly from home.  Upon consideration of defendant's motion to dismiss,

or, in the alternative, for summary judgment, plaintiff's opposition and defendant's reply, the

Court grants the motion to dismiss with regard to plaintiff's claims arising under the ADA, but

denies the motion to dismiss or for summary judgment with respect to plaintiff's claims arising

---

[1]        The original complaint named Donald Evans, former Secretary of Commerce,
as the party defendant.  The Court substitutes his successor, Carlos Gutierrez, pursuant to
Fed. R. Civ. P. 25(d).

under the Rehabilitation Act.  The Court concludes that the plaintiff has stated a claim under

the Rehabilitation Act and that there are genuine issues of material fact that require discovery.

### A.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure, the Court must assume the truth of the facts alleged in the

complaint and may grant the motion only if it appears that plaintiffs will be unable to prove any

set of facts that would justify relief.  See Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325

(1991); Conley v. Gibson, 355 U.S. 41, 45-46 (1957);  Browning v. Clinton, 292 F.3d 235, 242

(D.C. Cir. 2002); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  The

complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs

the benefit of all inferences that can be derived from the facts alleged."  Kowal v. MCI

Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); see Razzoli v. Fed. Bureau of

Prisons, 230 F.3d 371, 374 (D.C. Cir. 2000); Taylor v. FDIC, 132 F.3d 753, 761 (D.C. Cir.

1997); Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997).  While the complaint is to be

construed liberally in considering a motion to dismiss, the Court need not accept inferences

drawn by plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must

the Court accept plaintiff's legal conclusions.  See Kowal v. MCI Communication Corp., 16 F.3d

at 1276.

Plaintiff filed her disability complaint under two statutes, the Rehabilitation Act

and the ADA.  She alleges in a detailed complaint that she made repeated requests and

provided defendant with documentation to support her requests for accommodation and that

defendant delayed in accommodating one request and refused to accommodate another.

Explicit statutory language excludes the federal government from coverage under the ADA.

See 42 U.S.C. § 12111(5)(B) ("The term 'employer does not include the United States [or] a

corporation wholly owned by the government of the United States."). See also Henrickson v.

Potter 327 F.3d 444, 447 (5th Cir. 2003). Because plaintiff is suing Mr. Gutierrez in his

official capacity as the Secretary of the Department of Commerce, her claim is against the

federal government. Therefore, with respect to plaintiff's claims under the ADA, the motion

to dismiss is granted.  Plaintiff has pled adequate facts, however, that, if true, would entitle

her to relief under the Rehabilitation Act.  For this reason, the motion to dismiss is denied as

to those claims.

### B.  Motion for Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment

should be granted if the pleadings, depositions, answers to interrogatories, admissions on file

and affidavits show that there is no genuine issue of material fact in dispute and that the

moving party is entitled to judgment as a matter of law.  Rule 56(c), Fed. R. Civ. P.  Material

facts are those "that might affect the outcome of the suit under the governing law."  Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In considering a motion for summary

judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are

to be drawn in [her] favor."  Id. at 255; see also Washington Post Co. v. U.S. Dept. of Health

and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989).

The non-moving party's opposition, however, must consist of more than mere

unsupported allegations or denials and must be supported by affidavits or other competent

evidence setting forth specific facts showing that there is a genuine issue for trial.  Rule 56(e),

Fed. R. Civ. P.; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986).  The non-moving party

is "required to provide evidence that would permit a reasonable jury to find" in his favor.

<u>Laningham v. U.S. Navy</u>, 813 F.2d 1236, 1242 (D.C. Cir. 1987).  If the evidence is "merely

colorable" or "not significantly probative," summary judgment may be granted.  <u>Anderson v.

Liberty Lobby, Inc.</u>, 477 U.S. at 249-50.

       Defendant claims it is entitled to summary judgment with respect to plaintiffs'

claims for two reasons.  First, because it engaged in the interactive process in good faith, any

delay in providing plaintiff with an office to accommodate her disability was not unreasonable.

<u>See</u> Defendant's Memorandum in Support of His Motion to Dismiss, or in the Alternative, for

Summary Judgment ("Def.'s Mem.") at 11.  Second, plaintiff's request to telework from home

two days out of the work week could not be reasonably accommodated due to the nature of her

essential job functions.  <u>See</u> Def.'s Mem at 15.  Plaintiff responds that she has a witness who

can attest to defendant's bad faith in delaying her accommodation and disputes whether she can

perform the essential functions of her job while telecommuting for part of the work week.

       Reasonable accommodation cases typically are fact intensive.  What constitutes

a reasonable amount of time and a reasonable accommodation varies from case to case and

depends upon the highly specific circumstances under which such requests were made and

under what conditions those requests can be granted.  With this in mind, the Court reviews the

pleadings and allegations in the light most favorable to the non-moving party, the plaintiff.

With respect to plaintiff's first allegation, defendant states baldly that it provided plaintiff with

an office fitting her requested accommodations in a timeframe in which it was able and that it

4

did so in good faith.  See Def. Mem. at 11.  See also Defendant's Reply in Support of His

Motion to Dismiss or in the Alternative, for Summary Judgment ("Def.'s Reply") at 2-3.

Defendant blames any delay in providing plaintiff with the accommodation on her failure to

provide adequate medical documentation.  See Def's Mem. at 14.  Plaintiff responds that she

provided adequate documentation and that her supervisors deliberately delayed accommodating

her by requesting additional and unnecessary documentation.  See Plaintiff's Brief in

Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment

("Pl.'s Opp.") at 8-10.  She further alleges that she has a witness who can support her

allegations that defendant acted in bad faith and tried to undermine her accommodation request

by asking a medical doctor to find another doctor who would contradict the office

recommendation.  See Pl.'s Opp. at 10.  Where the truth lies is a matter for discovery and

trial.

   With respect to plaintiff's second allegation, that she has been denied the

opportunity to telework two days a week from home, defendant provides an affidavit from

plaintiff's superior asserting that she would not be able to perform two of the essential

functions of her job from home;  therefore, it is not reasonable to accommodate her request.

See Def.'s Mem. at 15-17 and at Exhibit 6. Specifically, plaintiff's supervisor states that

plaintiff will not have access to a certain computer database from home and that she will not

be able to hold face-to-face meetings with certain other employees from home.  See Def's

Mem at Exh. 6  ¶ 4-11.  This logic is unconvincing.  One of the essential functions for a

surgeon is certainly to perform surgery.  Were a surgeon to schedule his week so that he spent

one day at his office examining patients, two days at home reviewing charts, and two days in

the surgical theater operating, one could not state that he was failing to fulfill the requirements

of his job simply because he was not performing one of its essential functions on three out of

five days of the work week.  Indeed, plaintiff responds in her opposition that much like the

hypothetical surgeon who does not perform every essential function of his job every day of the

week, she too can perform the essential functions of her job while telecommuting and

describes how she can do so.  See Pl.'s Opp. at 14-15.

   The bottom line is that the determinations of whether defendant deliberately

delayed providing a necessary accommodation and whether plaintiff's position can be

performed by an employee who telecommutes part of the week are material facts in this case.

Because of the existence of these and other genuine disputes of material fact, the Court must

deny defendant's motion for summary judgment.

   An Order consistent with this Memorandum Opinion will be issued this same

day.

   SO ORDERED.


_____\s_____
PAUL L.  FRIEDMAN
United States District Judge

DATE:  September 30, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JANET HOWARD,                           )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      Civil Action No. 04-0756 (PLF)
                                        )
CARLOS GUTIERREZ, Secretary,            )
U.S. Department of Commerce             )
                                        )
            Defendant.[1]               )
_____)

ORDER

        Upon consideration of the defendant's motion to dismiss, or in the alternative,

for summary judgment, the opposition and reply thereto, and for the reasons stated in the

Memorandum Opinion issued this same day, it is hereby

        ORDERED that defendant's motion to dismiss [6] is GRANTED in part and

DENIED in part; it is

        FURTHER ORDERED that defendant's motion for summary judgment [6] is

DENIED; and it is

_____

[1]The original complaint named Donald Evans, former Secretary of Commerce, as the
party defendant. The Court substitutes his successor, Carlos Gutierrez, pursuant to Fed. R.
Civ. P. 25(d).

FURTHER ORDERED that plaintiff's ADA claims are DISMISSED.

SO ORDERED.

_____\s_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  September 30, 2005