UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JANET HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-0756 (PLF) |
| | ) | |
| CARLOS GUTIERREZ, Secretary, | ) | |
| U.S. Department of Commerce, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on plaintiff's motion for leave to file a second amended complaint. Plaintiff seeks leave to amend her complaint to include a cause of action under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e)-5(f), et seq. ("Title VII"), for alleged retaliation against plaintiff for opposing racial discrimination. Defendant opposes the motion, arguing first that it is plaintiff's effort to circumvent the random case assignment system in this Court, see Local Civil Rule ("LCvR") 40.3(a); second, that defendant would be prejudiced by the granting of the motion; and third, that the proposed amendment would be futile.

I.  BACKGROUND

Plaintiff filed suit on May 11, 2004 alleging that she was denied reasonable accommodations by her employer pursuant to Title II of the American with Disabilities Act of 1990, 42 U.S.C. §§ 12131-1265 ("ADA"). On July 26, 2004, she filed a first amended complaint, as of right, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, adding a

claim for denial of reasonable accommodation under the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 et seq. ("Rehabilitation Act").  Defendant filed a motion to dismiss or, in the alternative, for summary judgment on August 16, 2004.  This Court granted that motion with respect to plaintiff's claims under the ADA and denied that motion with respect to her claims under the Rehabilitation Act.

Subsequent to this Court's decision to allow plaintiff to go forward on her reasonable accommodation claim under the Rehabilitation Act, the plaintiff and numerous other employees of defendant filed suit against the defendant, alleging race discrimination claims under Title VII.  At the time they filed their race discrimination claims, Ms. Howard and her co-plaintiffs designated that case as related to the instant case pursuant to Local Civil Rule ("LCvR") 40.5(b)(2), relying in part on the pending motion for leave to amend Ms. Howard's complaint to include allegations of retaliation under Title VII.  The defendant objected to that designation.  The Court agreed with defendant, finding that the two cases, as they existed at the time the second case was filed, were not related, and ordering the multiple plaintiff race discrimination suit transferred to the Court's Calendar Committee for random reassignment.  See Howard v. Gutierrez, 405 F. Supp.2d 13 (D.D.C. 2005).  The Court's decision on that motion and reassignment of the second Howard lawsuit renders moot the defendant's argument that the motion for leave to file a second amended complaint should be denied because it attempts to circumvent LCvR 40.5.  The Court, therefore, turns to the defendant's other arguments.

II.  DISCUSSION

*A.  Prejudice to Defendant*

Defendant's second argument for why the Court should not permit plaintiff to amend her complaint is that it would prejudice the defendant.  Specifically, defendant maintains that it has been prejudiced by the fact that it expended time and resources on the motion to dismiss plaintiff's original complaint and that the retaliation claim "could have been briefed and resolved at the same time as Ms. Howard's disability discrimination claim."  Defendant's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint ("Def's Opp.") at 3.

Rule 15(a) of the Federal Rules of Civil Procedure allows for liberal amendment of pleadings, "when justice so requires."  Fed. R. Civ. P. 15(a).  See e.g. Davis v. Liberty Mutual Insurance Co., 871 F.2d 1134, 1136-37 (D.C. Cir. 1989) ("It is common ground that Rule 15 embodies a generally favorable policy toward amendments" (citations omitted)).  The presumption runs in the plaintiff's favor that she may amend her complaint "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).  Parties are routinely permitted to amend pleadings well after suit has been filed.  See, e.g., Material Supply International, Inc. v. Sunmatch Industrial Co., 146 F.3d 983 (D.C. Cir. 1998) (upholding trial court's decision to allow defendant to amend answer to include statute of limitations defense seventeen days before the

start of trial); Harris v. Secretary, U.S. Dep't of Veterans Affairs, 126 F.3d 339, 345 (D.C. Cir. 1997) (stating that on remand defendant could petition to amend answer).

Defendant's arguments that it would be prejudiced by allowing the second amended complaint are unconvincing. Plaintiff's original and first amended complaint contained numerous factual allegations of racially discriminatory and retaliatory acts taken by defendant against Ms. Howard. Indeed, in its decision finding that this case and the subsequent race discrimination case filed by Ms. Howard and her co-plaintiffs, this Court noted the dissonance between the "extensive discussion of the alleged racial discrimination and retaliation" in Ms. Howard's complaint and her failure to bring a cause of action under Title VII. Howard v. Gutierrez, 405 F.Supp.2d 13, 15 (D.D.C. 2005). Defendant has been on notice since the filing of this lawsuit of Ms. Howard's retaliation claims. Her original and first amended complaints both allege that the motive for defendant denying her reasonable accommodation lies in the alleged retaliation.

The Court denied the defendant's motion to dismiss the original complaint in part, allowing Ms. Howard to go forward with her disability claim under the Rehabilitation Act. Because Ms. Howard alleges that the defendant denied her reasonable accommodation in retaliation for her Title VII-protected activities, her retaliation claim is largely dependent on the showing of her disability claim. Given that the retaliation claim depends heavily on the disability claim, which the Court allowed to go forward, it is unlikely it would have been "resolved" under the previous motion to dismiss. The defendant has yet to file an answer to the original or the first amended complaint; the facts underlying both claims are nearly identical; and the defendant has had notice of the defendant's retaliation allegations, if not the cause of action, since the filing of

this suit.  For these reasons, the Court finds that the defendant has not shown that it will be prejudiced by allowing plaintiff to amend her complaint.

## B. Futility

Defendant maintains that the Court should not allow the complaint to be amended because amendment would be futile since the second amended complaint would not survive a motion to dismiss due to the alleged lack of specificity in the claims.  Def's Opp. at 3.  Defendant argues that the proposed second amended complaint is so unclear that it does not give him fair notice of plaintiff's retaliation claim under Rule 8(a) of the Federal Rules of Civil Procedure in that he is "left to speculate about what retaliatory actions are actually before the Court in this case, and whether they were exhausted administratively." Def's Opp. at 4.[1]  The Court is not clear whether the defendant is arguing that the proposed second amended complaint is deficient such that it would be dismissed for failure to state a claim, or whether the defendant is seeking a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  The parameters of the defendant's argument are not important, however, because the Court is confident that Ms. Howard's complaint, with its detailed fact section, more than meets the plain statement requirements of Rule 8(a), and does clearly state a claim upon which relief can be granted.  Any further details that the defendant requires to determine specifics of plaintiff's

---

[1] Defendant cites as support an opinion in which the Court ordered a *pro se* plaintiff to make a more definite statement because her original complaint was "poorly organized, and frequently ma[de] vague or conclusory statements." Clariett v. Rice, 2005 WL 3211694 *4, Civil Action No. 04-2250 (RJL) (D.D.C. 2005).  The complaint in that case with its numerous deficiencies and ambiguities is not comparable to the plaintiff's proposed second amended complaint.

allegations and whether or not they have been administratively exhausted are properly the subject of discovery.

The defendant also argues that permitting the filing of the proposed second amended complaint is futile because plaintiff has not alleged any retaliatory actions with "materially adverse consequences affecting the terms and conditions, or privileges of her employment or future employment opportunities" in her second amended complaint that would survive a motion to dismiss. Mot. to Dism. at 6 (quoting Brown v. Brody, 199 F.3d 446, 452 (D.C. Cir. 1999)). The Court disagrees. The defendant has alleged numerous retaliatory actions taken against her in the workplace, including receiving a poor evaluation, discovering from her doctor that her employer did not want her disability request dealt with and that the employer wanted to force her out, being denied the opportunity to telework from home that was offered to other employees, and other actions that allegedly exacerbated her condition such that her health has actually deteriorated. Plaintiff's (Proposed) Second Amended Complaint at ¶¶ 30-43. Asserting such acts of alleged retaliation is certainly not futile, when taken as a whole, and in light of the Supreme Court's recent ruling in Burlington Northern & Santa Fe Railway Co. v. White, --- S.Ct. ---, 2006 WL 1698953 (June 22, 2006).

The Supreme Court in Burlington Northern unanimously upheld this Circuit's (and the Seventh Circuit's) articulated standard for determining if retaliation has occurred under Title VII, that is, the plaintiff "must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have "dissuaded a reasonable worker from making or supporting a charge of discrimination."'" --- S.Ct. ---, 2006 WL 1698953 at *10 (2006) (quoting Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006))

(quoting Washington v. Illinois Dept. of Revenue, 420 F.3d 658, 662 (7th Cir. 2005)). The issue of whether a particular employment action was "materially adverse" is fact-intensive and "depends upon the circumstances of the particular case, and 'should be judged from the perspective of a reasonable person in the plaintiff's position, considering "all the circumstances."'" Burlington Northern at *12 (quoting Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 81 (1998)). In Burlington Northern, the particular employment actions taken by the employer that the Supreme Court held the jury could reasonably have found to be "materially adverse" were a reassignment of duties that fell within the same job description, and a 37-day suspension without pay, after which the employee was eventually reinstated with backpay. Id. at *12-13. Ms. Howard's retaliation claims in her proposed second amended complaint fall well within the scope of the actions that might "dissuade[] a reasonable worker from making or supporting a charge of discrimination" and therefore the amendment of her complaint is not futile. Id. at *10 (citations omitted).[2]

---

[2] The Court in Burlington Northern further stated that the anti-retaliation provision of Title VII provides even broader protection than the substantive provisions of the statute because an employer could "effectively retaliate against an employee by taking actions not directly related to his employment or by causing him harm *outside* the workplace," therefore holding that retaliation "is not limited to discriminatory actions that affect the terms and conditions of employment" because an employer could "effectively retaliate against an employee by taking actions not directly related to his employment or by causing him harm *outside* the workplace." Id. at *7 (emphasis in original). Thus, to the extent that any of plaintiff's allegations, such as those regarding her medical care, involve actions outside of the workplace, she should be allowed to proceed with those as well.

Accordingly, it is hereby ORDERED that plaintiff's motion for leave to file a second amended complaint [24] is GRANTED.

SO ORDERED.

DATE: July 10, 2006

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge